MORGAN DEVELOPMENT LABORA-
TORIES, INC., Plaintiff,

v.

Robert C. WATSON, Commissioner of
Patents, Defendant.

No. 914–58.

United States District Court
District of Columbia.

Oct. 24, 1960.

———◆———

Abraham A. Saffitz, Washington, D. C., and James T. Kline, Bridgeport, Conn., for plaintiff.

Joseph F. Nakamura, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents to adjudicate that the plaintiff is entitled to a patent on an application that the defendant has rejected. The application was filed by Porter S. Morgan, on March 19, 1954, and assigned to Morgan Development Laboratories, Incorporated. It is numbered 417,348.

The alleged invention involves an entertainment device to be used by children in connection with phonographs. It consists in part of an ordinary disc used on phonographs. On the disc, in addition to the sound recording, there are painted a series of pictures. On top of the disc and on the same spindle after the disc is placed on the phonograph, there is placed a drum, round in shape and having on the outside a series of mirrors forming a polygon. When the phonograph is in operation, both the record and the mirror drum revolve. The pictures are reflected in the mirrors mounted on the drum. The result is that in addition to hearing a tune, the children see a series of animated pictures something akin to motion pictures of the early type.

There is no doubt that the device is ingenious. That it has an appeal appears from the fact that since its introduction on the market in the summer of 1956, approximately 500,000 sets of the device have been sold at a total retail price of about $2,000,000. The Patent Office rejected the application solely on the ground that the article involved does not constitute invention over the prior art. It is not contended that the invention is anticipated, but merely that the

step taken by the applicant is obvious in the light of the prior art and, therefore, constitutes a product of mechanical skill rather than the exercise of the inventive faculty.

The first item of prior art cited by the Patent Office is a patent to Bustanoby, numbered 2,561,971, issued on July 24, 1951. That patent shows a disc on which a series of pictures is painted. It also discloses that another disc containing a series of openings is to be placed on top of the first disc. When the phonograph is in operation, both discs revolve and the pictures become visible through the apertures in the second disc. No use of any mirror of any type is contemplated. The viewer would have to look down on the apparatus in order to see the pictures, instead of viewing them reflected in mirrors on the same level as the eye. The Board of Examiners held that Bustanoby alone does not teach the use of mirrors for viewing purposes and the particular manner of mounting them on the disc. It stated that, "we will not sustain the rejection on Bustanoby alone". The Board held, however, that the claims of the application should be rejected on the basis of Bustanoby in the light of a French patent to Reynaud and a publication known as Hopwood's "Living Pictures".

██ In dealing with a foreign patent we must bear in mind the principle often laid down by the courts and recently applied by this Court in General Tire and Rubber Co. v. Watson, 184 F.Supp. 344, 349, that the disclosure of a foreign patent is to be measured not by what may be made out of it but by what is clearly and definitely expressed in it. The French patent to Reynaud is dated August 30, 1877, and is numbered 120,484. It will be observed that the date of the patent is prior to the invention of the phonograph, and manifestly the use of the Reynaud device in that connection could not be and was not in contemplation.

There are two embodiments of the Reynaud invention. One consists of a series of mirrors so mounted as to form a cone, with a disc, on which pictures are painted on its under side, being placed on top of the mirrors. The entire apparatus may be revolved on a spindle, and in that event the pictures are reflected from the lower side of the disc onto the mirrors. The other embodiment consists of a series of mirrors forming a polygon placed on top of the disc. The pictures, however, are not painted on the disc but are painted vertically on a ring or a band mounted on the disc.

The Hopwood reference, which is a book published in 1915, discloses a device composed of a series of mirrors forming together a truncated cone or pyramid, and a disc placed on top of it, with the pictures painted underneath the disc.

Obviously neither of the two embodiments of the Reynaud invention nor the Hopwood device is usable with the modern phonograph, because it is of the essence of the plaintiff's structure that the disc must rest on the phonograph in order that it may rotate, and that the mirrors must rest on top of the disc.

██ It is of some significance, though perhaps not entirely conclusive, that in the many years since the Reynaud disclosure, and the considerable number of years since the Hopwood publication, no one thought of adapting this idea to phonographs. In cases such as this, the Court necessarily attaches great weight to the determination of the tribunals of the Patent Office. This is particularly true where highly technical matters are involved. In the case at bar, however, the matters are not of a very technical nature. With due respect and regard for the conclusions of the Patent Office, the Court is of the opinion that the applicant in taking the step that he did, invented a new idea, modest though it may be, and developed a device which involved the use of the inventive faculty, and which was not obvious to a person reasonably skilled in the art. He combined with the phonograph the idea of painting pictures on the ordinary phonograph disc and having those pictures re-

flected in a series of mirrors that revolved with the disc. The Court is of the opinion that this step constituted invention.

The claims may be divided into two groups. Some of them are limited to discs on which sound is recorded. The others are broader in the sense that they may comprise discs that have no sound recording. The Court is of the opinion that the plaintiff is entitled to a patent on all of the claims in issue, and will render judgment accordingly.

Counsel may submit proposed findings of fact and conclusions of law and a judgment.